United States Steel Corporation petitions this court for the issuance of a writ of certiorari to review a judgment rendered by the Circuit Court of Tuscaloosa County awarding respondent, Bobby E. Harbin, benefits under the Alabama Workmen's Compensation Act.
U.S. Steel contends that the judgment of the trial court was in error on three grounds. First, U.S. Steel submits that the judgment rendered by the trial court made no finding on whether or not Harbin notified U.S. Steel (or its agents) that he (Harbin) had been injured. Next, U.S. Steel argues that there was no evidence to support the trial court's determination that Harbin had incurred fifty percent permanent partial disability. And finally, U.S. Steel maintains that there was no evidentiary basis for the finding by the trial court that Harbin had been fraudulently (or mistakenly) induced to execute a disability claim form whereby he elected to receive health and accident benefits instead of workmen's compensation.
The record before us reveals that Bobby Harbin was employed by U.S. Steel as a coal miner. In August of 1975 Harbin was injured when a rock fell on him in the coal mine in which he was working. The rock struck Harbin in the back and as a result of the injury incurred from this accident he was unable to work. Eventually he underwent *Page 181 
surgery on his lower vertebra to correct his condition. Despite some improvement after surgery, Harbin was still incapacitated. Indeed, after an evidentiary hearing in regard to this matter, the trial court found that Harbin had suffered a fifty percent permanent partial disability. The trial court also found that Harbin had become mentally depressed because of his accident and that as a consequence of this depression he had attempted suicide. Harbin was awarded $75 a week for a period of three hundred weeks as workmen's compensation for his injury. However, the trial court converted this award into a lump-sum payment of $19,900.[1] In addition, the court concluded that U.S. Steel's insurance carrier had fraudulently or mistakenly induced Harbin to sign an agreement limiting Harbin's recovery to health and accident benefits of $100 a week for a period of twenty-six weeks. The trial court held that this agreement was null and void. As a result of the trial court's finding of facts and conclusions of law, U.S. Steel presented a writ of certiorari to this court asking for a reversal of the judgment rendered below.
The first issue necessitating our consideration involves the notice issue. At the conclusion of the evidentiary phase of this case, the trial court entered its finding of facts and conclusions of law. However, the court neglected to make a finding on the question of whether U.S. Steel had been notified by Harbin that he had been injured. The record does not reflect why the court failed to make a finding on what was one of the most hotly contested issues of the trial. Nevertheless, the trial court subsequently attempted to correct its error by amending its judgment to include a finding of fact in regard to the issue of notice. This action was purportedly taken pursuant to Rule 60 (a), ARCP, which permits the correction of clerical mistakes in a judgment. Upon learning of the court's action attorneys for U.S. Steel filed a motion to strike the amendment to the judgment.
We believe that the trial court's failure to include a finding of fact on the notice issue in its original judgment was reversible error and that the subsequent action taken by the court in amending its earlier judgment did not cure this error.
It has been repeatedly held by the appellate courts of this state that if a judgment entered in a workmen's compensation case does not contain a finding of facts and conclusions of law the matter must be reversed. E.g., Richardson Lumber Co. v.Pounders, 254 Ala. 285, 48 So.2d 228 (1950). And this rule applies regardless of whether the judgment is in favor of the employer or the employee. Bass v. Cowikee Mills, 257 Ala. 280,58 So.2d 589 (1952).
The purpose of the requirement for the filing of facts and law with or in the judgment is clear when it is considered that the only method for review of the proceeding below is by writ of certiorari. Such a method of review would be worthless without the findings and conclusions of the trial court as to the facts and the law.
Consequently, the trial judge has a duty to make a finding on each issue presented and litigated before the court. And in instances where the trial judge fails to make a finding responsive to the issue presented the case must be reversed.Pinkney v. James B. Clow Sons, Inc., 277 Ala. 648,173 So.2d 811 (1965).
In the present case the question of whether Harbin notified his employer of his injury was pleaded, contested and submitted to the trial court for its determination. Despite this fact there was no finding made on this issue in the court's original judgment. Nonetheless, Harbin maintains that the absence of a finding of notice of injury does not require reversal since a number of Alabama cases have held that when the finding of the trial court is merely meager or omissive, the reviewing court may examine the evidence in order to decide if the trial court's judgment can be *Page 182 
sustained. E.g., West Point Mfg. Co. v. Bennett, 263 Ala. 571,83 So.2d 303 (1955); Alabama Textile Products Corp. v.Grantham, 263 Ala. 179, 82 So.2d 204 (1955). However, such is not the rule when, as here, there was no finding made on the issue in question.
In Lingo v. Dixie Veneer Co., Ala.Civ.App., 349 So.2d 591
(1977); Brooks v. Crimson Homes, Inc., 51 Ala. App. 252,284 So.2d 279 (1973) and B.F. Goodrich Co. v. Martin, 47 Ala. App. 244, 253 So.2d 37 (1971), we recognized that in instances where the trial court has neglected to make a finding of fact necessary to support the award of workmen's compensation benefits there is no alternative but to reverse the judgment and remand the case to the trial court.
Title 25, chapter 5, section 78, Code of Alabama 1975 provides in applicable part:
 "Every injured employee or his representative shall, within five days after the occurrence of an accident, give or cause to be given to the employer written notice of the accident, and the employee, if he fails to give such notice, shall not be entitled to physician's or medical fees nor any compensation which may have accrued under the terms of this article. . . ."
As this provision indicates, the failure of an injured party to give his employer notice of the accident which caused the former's injury precludes the receipt of compensation by the injured party. Notice of injury is the first step in the compensation procedure. It must be given to the employer within a comparatively short time. The purpose of notice is two-fold: first, to enable the employer to provide immediate medical diagnosis and treatment in an effort to minimize the seriousness of the injury; and second, to facilitate the earliest possible investigation of the facts surrounding the injury. Without the existence of notice the employee is not entitled to workmen's compensation benefits. Consequently, in situations where the notice requirement is at issue there must be a finding of fact in the trial court's judgment which notes the existence or absence of notice to the employer. Since a finding of every fact necessary to sustain the judgment is mandatory, Pinkney v. James B. Clow Sons, Inc., supra, this case must be reversed and remanded to the trial court for a determination of whether Harbin provided his employer (or its agents) with notice of his injury.
Nor do we believe that the trial court's subsequent amendment of its original judgment to include a finding that Harbin had notified U.S. Steel of his injury was sufficient to correct the court's error in this matter.
Harbin contends that the action of the trial court in amending its judgment was within the scope of the court's authority to correct clerical mistakes in its judgment under Rule 60 (a), ARCP. However, Alabama Hide Tallow Co. v.Pincheon, 282 Ala. 404, 211 So.2d 896 (1968), held that the failure of the trial court in a workmen's compensation case to include its finding of facts and conclusions of law in its judgment amounted to a procedural error which was judicial in nature rather than clerical. Thus, the supreme court concluded that the error of the trial court could not be corrected by an amendment nunc pro tunc.
In the instant case the trial court's supplemental findings and conclusions did not alleviate a clerical error. The action of the court modified and enlarged a judgment which had failed to embrace a matter which should have been clearly pronounced. The trial court erred when it did not adjudge and render findings of fact and conclusions of law relevant to the notice issue. These findings and conclusions were required by law. Title 25, chapter 5, section 88, Code of Alabama 1975. Accordingly, action by the trial court taken pursuant to Rule 60 (a) did not correct the court's error.[2] The amended *Page 183 
judgment was improper and therefore the motion offered on behalf of U.S. Steel urging us to strike the judgment as amended is hereby granted.
On the other hand, the trial court's finding and conclusion that Harbin incurred a fifty percent permanent partial disability was supported by a significant amount of the evidence presented at trial. Thus, we must reject U.S. Steel's contention that the trial court erred in its determination of this matter. Moreover, in assessing the argument submitted by U.S. Steel, we would again point out that in reviewing workmen's compensation cases our duty is to affirm the judgment of the trial court if there is any legal evidence to support it.
In the case at bar the evidence demonstrated that Harbin was thirty-nine years of age at the time of trial and that he had only a sixth grade education. He has been employed as a manual laborer throughout his adolescent and adult life. Most of the jobs he has held have involved the lifting and loading of heavy items. Furthermore, he apparently lacks sufficient training or skill to work in any other capacity but manual labor.
At trial the neurosurgeon who had treated Harbin testified that when he last examined Harbin the latter was suffering approximately twelve to fifteen percent permanent partial disability. The physician also stated that although he believed therapy would improve Harbin's condition, it was nevertheless his (the neurosurgeon's) opinion that Harbin was almost one hundred percent disabled in respect to the performance of manual labor. The physician concluded by testifying that he felt Harbin was unable to do manual labor but that the latter might function as a guard or in some other sedentary capacity.
Based on the aforementioned evidence we find that there was sufficient legal evidence before the trial court to sustain its finding of fifty percent permanent partial disability.
The final issue presented by U.S. Steel pertains to its claim that there was no evidentiary basis for the finding of the trial court that Harbin had been fraudulently (or mistakenly) induced by an agent of U.S. Steel's insurance carrier to execute a disability claim form whereby Harbin elected to receive health and accident benefits instead of workmen's compensation.
The trial transcript discloses that Harbin testified that the insurance carrier's agent provided him with a blank form, showed him where to sign it and advised him that if he (Harbin) signed he would receive $100 a week for workmen's compensation. Harbin also stated that the agent told him (Harbin) that when he stopped receiving the $100 a week the agent would send additional forms. Harbin said that it was his understanding that once the additional forms were signed his workmen's compensation would continue until he could work.
Rebuttal evidence by U.S. Steel showed that the form which Harbin signed contained printed language stating that, "This form is not a claim for workmen's compensation." Moreover, the insurance agent who made the initial contact with Harbin denied that he had ever told Harbin that the latter would receive workmen's compensation from U.S. Steel's insurance carrier.
After the presentation of this evidence by U.S. Steel, Harbin was again called to the witness stand and he testified that he did not read the form provided by the insurance carrier's agent. Continuing his testimony, Harbin stated that the agent told him to sign the form and that later the agent would "fix it up." Harbin then said that he did what he was told since he "figured that the agent knew what he was doing." *Page 184 
As the above stated facts indicate, the evidence dealing with fraudulent or mistaken inducement was in sharp conflict. It was the function of the trial court to weigh this evidence and the contradictory testimony of the parties in order to reach a determination on this matter. The trial court apparently believed the testimony of Harbin and we are unable to say it erred in so doing, particularly since there was some evidence presented at trial to support such a determination. Consequently, we are not persuaded that the court's conclusion that the agreement which Harbin signed was null and void due to fraudulent or mistaken inducement was incorrect.
That portion of the judgment of the trial court which involves its findings of fifty percent permanent partial disability is affirmed. The trial court's finding that Harbin was fraudulently or mistakenly induced to execute a disability claim form is likewise affirmed. However, the case is reversed and remanded to the trial court with instructions that the court ascertain whether Harbin provided his employer (or its agents) with notice of his injury.
MOTION TO STRIKE AMENDMENT TO JUDGMENT GRANTED. AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur.
[1] Actually the trial court awarded Harbin a lumpsum payment of $22,500 but permitted a deduction of $2,600 for payments which Harbin had received in the form of health and accident benefits.
[2] We believe this case is distinguishable from Tombrello CoalCo. v. Fortenberry, 248 Ala. 640, 29 So.2d 125 (1947). InTombrello Coal Co. v. Fortenberry the original judgment included a clause permitting compensation to continue as long as total disability continued and allowing the reopening of the case to consider this matter. Because such provisions were not authorized by statute, the trial court amended its original judgment by striking the offending language and substituting new language in its place. Our supreme court upheld this amendment nunc pro tunc on the basis that the trial court had attempted to make a finding on the issue of compensation but had used incorrect language in so doing. Thus it is clear thatTombrello Coal v. Fortenberry involved an amendment resulting from an error of a clerical nature while the present case arises from the failure of the trial court to enter any finding on an important issue and the court's subsequent efforts to correct this error by modifying its original judgment.