ROBERTSON, Judge.
This is a workmen’s compensation case.
Derrell C. McKaig (employee) filed a complaint, alleging that he suffered an on-the-job injury to his right arm while working as a machinist for Harbison Walker Refractories (employer). After an ore ten-us proceeding, the trial court found that the employee sustained a 30% permanent partial disability and awarded compensation including vocational rehabilitation. Following an ore tenus proceeding on the employer’s post-trial motions, the trial court amended the order to read “40% permanent partial disability” and deleted provisions for vocational rehabilitation. The employer appeals.
The employer raises several issues on appeal. We find the dispositive issue to be whether the trial court erred in finding the employee permanently partially disabled.
We first note our limited standard of review in workmen’s compensation cases as set out recently by our supreme court in Ex parte Patterson, 561 So.2d 236 (Ala.1990).
“Our review in workmen’s compensation cases is limited to a determination of whether there was any legal evidence to support the trial court’s findings of fact. If any reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom.” (Citation omitted.)
The undisputed evidence reveals that the employee was injured in September 1987, while performing his job as a machinist for the employer. The employee had worked his way up during his 17-year employment with the employer to a position requiring special knowledge and skills.
After the accident and the resulting unsuccessful surgery, the employee could no longer perform the specialized skills of his previous job. The employee continues employment with the employer in a job requiring a lower skill level.
There was conflicting testimony regarding the employee’s physical limitations and earning capacity after the injury. The employer contends that the employee currently performs similar work for wages that are higher than before the injury. The employee contends that the current job he performs is not the same skill level and that the increase in wages is due to a contract raise. There was testimony from a vocational expert that the employee suffered a loss of earning capacity and a loss of access to the number of jobs available to the employee due to the injury. Upon questioning by the trial court, the employee testified to a limitation in motion of the affected arm, chronic pain, and the loss of strength, which limited his activities since the injury.
It is well established that the trial court has much discretion in workmen’s compensation cases in determining an employee’s loss of earning capacity when the evidence is in dispute. DeHart v. Ideal Basic Industries, Inc., 527 So.2d 136 (Ala. Civ.App.1988). The trial court must look to the entire evidence and to its own observations in determining the extent of disability. Blue Bell, Inc. v. Nichols, 479 So.2d 1264 (Ala.Civ.App.1985). We have held that when supportive evidence is before the trial court its factual holding, based on conflicting testimony, is conclusive. Washington v. Warrior Tractor & Equipment Co., 487 So.2d 1371 (Ala.Civ.App.1986).
After carefully reviewing the entire record with the attendant legal principles, we find that a reasonable view of the evidence supports the findings of the trial court, that the employee is permanently *326 partially disabled and entitled to compensation for such disability.
We acknowledge the employer’s contention that the judgment of the trial court inadequately states a finding of fact as mandated by Code 1975, § 25-5-88 (1986 Repl.Vol.).
We have determined that substantial compliance is sufficient and that even if the trial court’s findings are meager or omissive, we may refer to the record to determine if the judgment should be upheld. Monroe v. West Point Pepperell, 545 So.2d 785 (Ala.Civ.App.1989). We have done so here and find no reversible error.
Accordingly, the judgment of the trial court is due to be affirmed.
AFFIRMED.
RUSSELL, J., concurs.
INGRAM, P.J., concurs specially.