628 So.2d 864 (1993)
Jerry THOMAS
v.
GOLD KIST, INC., a Corporation.
AV92000349.
Court of Civil Appeals of Alabama.
September 24, 1993.
Rehearing Denied October 29, 1993.
*865 Joel M. Nomberg and Joseph J. Gallo, Dothan, for appellant.
Timothy P. Donahue of Clark & Scott, P.C., Birmingham, for appellee.
THIGPEN, Judge.
This is a workmen's compensation case.
Jerry Thomas filed suit against Gold Kist, Inc., in August 1989, alleging that he was employed as a warehouseman for Gold Kist, Inc., beginning in 1983. He further alleged that an injury occurred in the line and scope of his employment, leaving him permanently disabled since September 1988. Thomas argued that he was inadvertently sprayed in the face with certain chemicals which he was mixing that were used to kill weeds on the Gold Kist premises. The exposure to noxious fumes and chemicals is alleged to have either caused emphysema or aggravated his health, causing him to become partially or permanently disabled as a result thereof. Following a bench trial, the trial court found that Thomas had not provided timely notice of injury in accordance with Ala.Code 1975, § 25-5-78, and it entered judgment in favor of Gold Kist; hence, this appeal.
The only issue raised by Thomas on appeal is whether the trial court erred in finding that he failed to give adequate notice of injury or occupational disease as required by the workmen's compensation laws.
"The standard of appellate review in workmen's compensation cases is a two-step process. Initially, the reviewing court will look to see if there is any legal evidence to support the trial court's findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court's judgment."
Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991). In ore tenus cases, however, this standard of review applies only to the trial court's findings of fact, not its conclusions of law. Ex parte Cash, 624 So.2d 576 (Ala.1993).
Ala.Code 1975, § 25-5-78, states, in pertinent part:
"For purposes of this article only, an injured employee or the employee's representative, within five days after the occurrence of an accident, shall give or cause to be given to the employer written notice of the accident. If the notice is not given, the employee or the employee's dependent shall not be entitled to physician's or medical fees nor any compensation which may have accrued under the terms of this article, unless it can be shown that the party required to give the notice had been prevented from doing so by reason of physical *866 or mental incapacity, other than minority, fraud or deceit, or equal good reason. Notwithstanding any other provision of this section, no compensation shall be payable unless written notice is given within 90 days after the occurrence of the accident...."
Notice of injury is the first step in the compensation procedure, and its purpose is two-fold: "first, to enable the employer to provide immediate medical diagnosis and treatment in an effort to minimize the seriousness of the injury; and second, to facilitate the earliest possible investigation of the facts surrounding the injury." Harbin v. United States Steel Corp., 356 So.2d 179, 182 (Ala.Civ.App.1978). Without notice, the employee is not entitled to benefits; consequently, where the notice requirement is at issue, there must be a factual finding in the trial court's judgment which notes the existence or absence of notice to the employer. Harbin, supra.
Ala.Code 1975, § 25-5-78, specifies two time periods with regard to notice. It is undisputed that Thomas did not provide written notice of his injury within the five-day rule; accordingly, the question arises as to whether the employer acquired actual notice of the injury within the requisite 90 days. The evidence discloses that at the time of the "spraying" incident, although Thomas informed his manager that he needed to go home and change clothes, at no point in the conversation did Thomas advise the manager that he had suffered an injury. Thomas testified that, on the following day, while picking up some supplies, he became sick. Upon returning to the warehouse, he told his manager that he was sick, but that he would continue working the rest of the day because the work day concluded at noon. He testified that his manager then took him home. Again, there is no evidence that he informed his manager that his sickness was due to the alleged "spraying" incident. In December 1988, Thomas applied for sickness and accident benefits provided by his employer, and again, he did not inform anyone that his sickness was due to any injury related to his work. In fact, when applying for such benefits, Thomas answered "no" to the question "if request is due to injury did it happen while at work?" The record reflects no further notice. Thomas filed his complaint in August 1989, alleging disability as a result of exposure to noxious fumes and chemicals. Although there is some conflicting evidence, Thomas himself admits that he did not file a report of injury or provide actual notice of the injury/accident to his employer. He acknowledged that he knew the reporting requirement. He admitted that his sinus problems pre-existed his employment with Gold Kist.
Thomas's manager testified that he was unaware of any such injury. There is no record of any report of such an injury in Gold Kist's records. Based upon our standard of review, there is evidence in the record to support the trial court's finding that Thomas did not provide the employer with the required notice of injury in order to be entitled to workmen's compensation benefits. A reasonable view of that evidence supports the trial court's judgment. Eastwood Foods, supra. Accordingly, that portion of the trial court's judgment is due to be, and it is hereby, affirmed.
Ordinarily, based upon the issue raised on appeal, this case would be concluded; however, neither the parties on appeal nor the trial court's judgment addresses issues raised by Thomas's amended complaint for compensation for an occupational disease or the aggravation thereof. Both parties seem to determine that the issue of notice as required by Ala.Code 1975, § 25-5-78, is conclusive of this case.
The introductory words of § 25-5-78, found in Article 3, state "[f]or purposes of this article only...." Compensation for occupational diseases is the subject of Article 4, namely Ala.Code 1975, § 25-5-110 to -123. As previously stated by this court, one effect of the occupational disease act is to remove the strict requirement of proof that the injury occurred by accident. City of Tuscaloosa v. Howard, 55 Ala.App. 701, 318 So.2d 729 (Ala.Civ.App.1975). In fact, Ala.Code 1975, § 25-5-117(a), states that
"[i]n case of the contraction of an occupational disease, as defined in this article, *867 or of injury or disability resulting therefrom, a claim for compensation, as defined in Section 25-5-1, shall be forever barred, unless within two years after the date of the injury, as hereinafter defined, the parties shall have agreed upon the compensation payable under this article, or unless within two years after the date of the injury, one of the parties shall have filed a verified complaint as provided in Section 25-5-88."
The "date of the injury," for purposes of occupational diseases other than pneumoconiosis or radiation, means "the date of last exposure to the hazards of the disease in the employment of the employer in whose employment the employee was last exposed to the hazards of the disease." Ala.Code 1975, § 25-5-117(b). The record reflects that Thomas's last day to work for Gold Kist was sometime in October 1988; accordingly, his complaint alleging occupational disease was filed within the two-year limitation set out above, yet the trial court's judgment makes no findings of fact or conclusions of law with regard to this issue. Ala.Code 1975, § 25-5-88, requires a judgment in a workmen's compensation case to contain findings of fact and conclusions of law. Dale Motels, Inc. v. Crittenden, 49 Ala.App. 51, 268 So.2d 834 (Ala. Civ.App.1972). This court has recognized that substantial compliance with the statute is sufficient. Fordham v. Southern Phenix Textiles, Inc., 387 So.2d 204 (Ala.Civ.App. 1980); however, the trial court has a duty to make a finding on each issue presented and litigated before it. In instances where the trial court fails to make a finding responsive to the issue presented, the case must be reversed. Harbin, supra.
In the case sub judice, the question of whether Thomas's disease was caused or aggravated by the nature of his employment was pleaded, contested, and submitted to the trial court for its determination. Despite this fact, there was no responsive finding made on this issue in the trial court's judgment. This case must be reversed and the cause remanded to the trial court to make the necessary findings of fact and conclusions of law relating to the issue of occupational disease.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, J., concurs.
ROBERTSON, P.J., specially concurs in the result.
ROBERTSON, Presiding Judge, specially concurring in result.
I specially concur to point out this court's recent decision of Gattis v. NTN-Bower Corp., 627 So.2d 437 (Ala.Civ.App.1993), wherein we held that a poisoning due to chemical exposure was an accident. We recognized the "repeated-impact theory" and determined the date of injury to be the last day of exposure to the chemicals.