[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 183 
This is a workers' compensation case.
On July 6, 1994, Mary E.B. Jones sued Dun Bradstreet Corporation for compensation for injuries to her right hand and shoulder that she alleged had occurred in 1993 while she was working for Dun Bradstreet.
Jones worked for Dun Bradstreet for about 23 years, until August 1993. Over the *Page 184 
years she worked at various positions, including typist, trade clerk, quality editor, outside reporter, and business analyst/inside reporter. When she left the company, she was working as a business analyst/inside reporter, a position that involved writing and typing.
Jones began having problems with her right hand in 1988, and in December 1991 she began to have serious problems with her right wrist. The pain in her wrist gradually increased until it began to interfere with her work in 1993. Additionally, in early 1992 Jones developed a "frozen shoulder," which she attributed to cold air constantly blowing on her shoulder from an overhead vent. The pain in her shoulder also gradually increased over the next year.
In November 1992, Jones was off work because of the pain in her wrist and shoulder, and at that time she sent a letter to her supervisor detailing her problems. From September 1991 until August 1993, when she stopped working for Dun 
Bradstreet, Jones would occasionally miss work because of problems with her wrist and shoulder.
Dr. William Hall and Dr. John Featheringill treated Jones for the problems with her wrist and shoulder. Dr. Hall had first considered in 1988 that Jones might be suffering from carpal tunnel syndrome, but he did not begin actively treating her for carpal tunnel syndrome until November 1992, and he first related it to her work at that time. Additionally, he found that a sore shoulder that was getting cold air blown on it would interfere with her job.
After ore tenus proceedings in August 1995, the trial court entered an order on September 5, 1995, finding that Jones had sustained a 45% permanent partial disability and loss of earning capacity as a result of the injuries to her right shoulder and wrist and that she was entitled to workers' compensation for those injuries. Dun Bradstreet appeals.
Dun Bradstreet first contends that the trial court erred in finding that Jones's claim was not barred by the statute of limitations, as it had argued in its motion for summary judgment. The Alabama Workers' Compensation Act, after the 1992 amendments, provides that the definition of injury caused by an accident "shall include physical injury caused either by carpal tunnel syndrome disorder or by other cumulative trauma disorder if either disorder arises out of and in the course of employment. . . ." § 25-5-1, Ala. Code 1975.
The Act further provides that "[i]n cases involving personal injury due to cumulative physical stress, compensation under this article shall be forever barred unless within two years after the date of the injury one of the parties shall have filed a verified complaint as provided in Section 25-5-88." §25-5-80, Ala. Code 1975 (emphasis added).
Thus, this court must determine what serves as the date of the injury for cumulative trauma disorders, such as carpal tunnel syndrome, for purposes of determining the date from which the statutory limitations period would begin to run on the employee's claim for workers' compensation.
Dun Bradstreet argues that American Cyanamid v. Shepherd,668 So.2d 26 (Ala.Civ.App. 1995), is controlling, and that the limitations period for Jones's claim began to run when Jones, as a reasonable person, should have recognized the nature, seriousness, and compensable nature of her injuries. Dun Bradstreet argues that, at the latest, Jones should have recognized the nature, seriousness, and compensable nature of her injuries by March or May 1992, when she took off work because of her injuries.
Jones argues that Gattis v. NTN-Bower Corp., 627 So.2d 437
(Ala.Civ.App. 1993), is controlling, and that the limitations period for her claim began to run at the date of her last exposure to the hazard that caused her injury, which was in August 1993. However, Jones says that even if American Cyanamid
was controlling, a reasonable person would not have recognized the nature, seriousness, and compensable nature of her injuries until late 1992, when her doctor began actively treating her for carpal tunnel syndrome and linked it to her work.
In American Cyanamid, this court held that, for latent injuries, " '[t]he time period [of the statute of limitations] does not begin *Page 185 
to run until the claimant, as a reasonable person, should recognize the nature, seriousness, and compensable character of his injury or disease.' " American Cyanamid v. Shepherd, supra, quoting 2B A. Larson, The Law of Workmen's Compensation § 78.41(a) at 15-185, -186.
Jones argues that carpal tunnel syndrome and the problems with her shoulder are not the types of injuries contemplated by this court in American Cyanamid, but are instead cumulative physical stress injuries similar to the cumulative-effect "accident" in Gattis, supra. In Gattis, the employee, having been exposed to chemicals at work over a long period of time, filed a claim for workmen's compensation for injuries caused by that exposure. This court held that the date of the accident, for purposes of determining when the statutory limitations period would begin to run, was the date of the employee's last exposure to the hazard instead of the date the employee first experienced symptoms of his condition.
We agree with Jones that her injuries are not the type of latent injury contemplated by this court in American Cyanamid, but are instead more comparable to the cumulative-effect accident in Gattis. Both injuries sustained by Jones, the carpal tunnel syndrome and the shoulder injury, were not the result of a single "accident," but were instead, she alleges, caused over time by continuous exposure to cumulative stressors at the workplace.
We hold that in cases involving personal injury resulting from cumulative physical stress the date of the injury is the date of the employee's last exposure to the injurious job stimulation, for purposes of determining the date from which the limitations period begins to run on the employee's claim for workers' compensation benefits.
Next, Dun Bradstreet argues that the trial court erred in finding that Jones's hand and shoulder injuries arose out of and in the course of her employment.
Because we have established that the date of Jones's injury was the date of her last exposure to the hazard in August 1993, the new standard of review established in the Workers' Compensation Act after the 1992 amendments applies. Under the new standard of review, this court will view the trial court's findings of fact in the light most favorable to those findings, and the trial court's judgment will not be reversed unless it is clear that its findings are manifestly contrary to the evidence as contained in the record as a whole or it is clear that fair-minded persons in the exercise of impartial judgment would adopt a contrary conclusion. Whitsett v. BAMSI, Inc.,652 So.2d 287 (Ala.Civ.App. 1994).
The new Act provides:
 "The decision of the [trial] court shall be based on a preponderance of the evidence as contained in the record of the hearing, except in cases involving injuries which have resulted from gradual deterioration or cumulative physical stress disorders, which shall be deemed compensable only upon a finding of clear and convincing proof that those injuries arose out of and in the course of the employee's employment.
 "For the purposes of this amendatory act, 'clear and convincing' shall mean evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion."
§ 25-5-81(c), Ala. Code 1975.
Dun Bradstreet argues that Jones did not present clear and convincing evidence that her hand and shoulder injuries arose out of and in the course of her employment and, therefore, that Jones did not meet the medical and legal causation requirements.
As stated above, the new Act provides that the definition of injury caused by an accident "shall include physical injury caused either by carpal tunnel syndrome disorder or by other cumulative trauma disorder if either disorder arises out of and in the course of employment." § 25-5-1, Ala. Code 1975.
As this court explained in Trinity Industries, Inc. v.Cunningham, *Page 186 679 So.2d 253 (Ala.Civ.App. 1995), the law has been that, except in the case of injuries caused by "excessive exposure" (such as heat exhaustion, pneumonia, and paint fumes absorption), the employee, in order to establish legal causation, must show that there was an accident arising out of and in the course of employment. The employee was then required to show that the accident caused his injuries in order to establish medical causation.
However, as this court further explained in Trinity, the legislature, in enacting the new Act, provided that for the injuries set out in § 25-5-81(c), the requirement that the worker prove an accident was eliminated. For those injuries, which include carpal tunnel syndrome and other cumulative trauma disorders, such as Jones's shoulder injury, the claimant is only required to prove that the injuries arose out of and in the course of the employment. "Clearly, the legislature recognized that a person can have a compensable injury without having an accident if the injury arose out of and in the course of the employment. This, in effect, combined legal causation and medical causation into one causation for those particular injuries." Trinity, 679 So.2d 258-59 (emphasis in original).
This court in Trinity went on to hold that "if a claimant establishes by the necessary evidence that the job caused, or contributed to, the injury or death, then the claimant has established causation, both legal and medical." 679 So.2d at 259.
Thus, we must determine whether Jones has established by clear and convincing evidence that her job at Dun Bradstreet caused or contributed to the injuries to her hand and shoulder. If Jones's job caused or contributed to her injuries, then her injuries arose out of and in the course of her employment, as required by § 25-5-81(c).
Dr. Hall, Jones's treating physician, testified in his deposition that he believes that the carpal tunnel syndrome he diagnosed in Jones's wrist is related to her job. He said that, in his opinion, the numbness and tingling in her hand was caused by her job duties. Additionally, he testified that Jones has bursitis in her shoulder and that cold air blowing on the shoulder can aggravate the bursitis and cause pain and stiffness. He stated that Jones had experienced frequent problems with her shoulder and that the cold air blowing on it could have been a contributing factor.
Dr. Hall referred Jones to Dr. Featheringill, an orthopedic surgeon, who testified that he did not think she had carpal tunnel syndrome, because of negative test results, but that she could have it and that her symptoms indicated that she had it.
Jones presented evidence that her employment at Dun 
Bradstreet caused or contributed to her injuries. Viewing the trial court's findings of fact in the most favorable light, we cannot say that the trial court's judgment awarding Jones workers' compensation for the injuries to her right wrist and shoulder is manifestly contrary to the evidence as contained in the record as a whole or that fair-minded persons in the exercise of impartial judgment would adopt a contrary conclusion. Therefore, we cannot say that the trial court erred in finding by clear and convincing evidence that Jones's injuries arose out of and in the course of her employment.
Next, Dun Bradstreet contends that the trial court erred in determining that Jones suffered a loss of ability to earn. It contends that this determination by the trial court is manifestly contrary to the evidence as a whole.
"It is well established that the trial court has much discretion in [workers'] compensation cases in determining an employee's loss of earning capacity when the evidence is in dispute." Harbison Walker Refractories v. McKaig,567 So.2d 324, 325 (Ala.Civ.App. 1990). "The trial court must look to the entire evidence and to its own observations in determining the extent of disability." Id.
Jones's vocational expert, Joan H. Spradling, testified that, in her opinion, Jones had experienced a 45% vocational disability as a result of her carpal tunnel syndrome and her shoulder injury. Dun Bradstreet's vocational expert, Mary H. Kessler, testified that, in her opinion, Jones had no vocational disability as a result of her right shoulder and *Page 187 
wrist problems. However, she conceded that she did not consider subjective complaints of pain, even though she said it is important to some extent to consider them.
Viewing the findings of fact in the most favorable light, we cannot say that the trial court's determination that Jones suffered a 45% vocational disability as a result of the injuries to her right shoulder and wrist is manifestly contrary to the evidence as contained in the record as a whole or that fair-minded persons in the exercise of impartial judgment would adopt a contrary conclusion. Therefore, we cannot say that the trial court erred in finding that Jones suffered a 45% loss of ability to earn.
Next, Dun Bradstreet contends that the trial court erred in failing to make a specific finding concerning the issue whether Jones provided notice of her injury to her employer. Dun 
Bradstreet alleged that Jones failed to provide it with the proper notification when she was injured, and it argues that the trial court committed reversible error by failing to make a specific finding regarding notice.
It is established that, without the existence of notice to the employer of the injury, the employee is not entitled to workers' compensation benefits. "Consequently, in situations where the notice requirement is at issue there must be a finding of fact in the trial court's judgment which notes the existence or absence of notice to the employer." Harbin v.United States Steel Corp. 356 So.2d 179, 182 (Ala.Civ.App. 1978). Although this court has recognized that substantial compliance with the workers' compensation statute is sufficient, the trial court has a duty to make a finding on each issue presented and litigated before it. Thomas v. GoldKist, Inc., 628 So.2d 864 (Ala.Civ.App. 1993). "In instances where the trial court fails to make a finding responsive to the issue presented, the case must be reversed." Id. at 867. Seealso Harbin v. United States Steel Corp., supra.
In its amended answer to Jones's complaint, Dun Bradstreet specifically raised the defense that it had not received notice of Jones's alleged on-the-job injury as required by the Workers' Compensation Act. Additionally, the record reveals that the issue was litigated. Therefore, the judgment must be reversed and the case remanded to the trial court for a determination of whether Jones provided her employer with notice of her injuries.
Finally, Dun Bradstreet contends that the trial court erred in ordering it to pay all past and future medical expenses related to the injuries to Jones's right wrist and shoulder. Dun Bradstreet argues that Jones did not present evidence that the past medical charges were reasonable and necessary or that they had been authorized by Dun Bradstreet.
"Ala. Code (1975), § 25-5-77(a), requires the employer to pay the actual cost of reasonably necessary medical and surgical treatment, physical rehabilitation, and medicine." Lowe v.Walters, 491 So.2d 962, 963 (Ala.Civ.App. 1986). There is no basis for awarding compensation on the basis of a medical charge where there is no evidence that the charge is reasonable, because the reasonableness of a medical charge is not a matter of common knowledge. Id.
Jones presented affidavits from Dr. Hall and Dr. Featheringill which stated that their medical charges were reasonable and necessary. Jones's group insurance carrier paid the charges, and its policy is to require that the treatment be reasonable and necessary before payment is made. Additionally, Jones presented evidence that showed the severity of her injuries, the number of physicians she consulted, and the treatments she received.
"[T]estimony and other evidence which show the severity of the employee's injury, the number of physicians he consulted, and the different treatments he required are themselves evidence of the reasonable necessity of the expenses related by the bills." Lowe v. Walters, supra, at 963-64. It is the responsibility of the trial court, not this court, to weigh all such evidence. We cannot say that the trial court erred in ordering Dun Bradstreet to pay all past and future medical expenses related to the injuries to Jones's right wrist and shoulder. *Page 188 
The judgment is reversed and the case is remanded to the trial court with instructions that the court determine whether Jones provided her employer with notice of her injuries.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN, J., concurs.
ROBERTSON, P.J., concurs in the result.