Francis Powell Enterprises, Inc., appeals from a judgment awarding Charles Andrews workers' compensation benefits — specifically, permanent-total-disability benefits — and an attorney's fee and ordering that Francis Powell Enterprises shall be responsible for all medical treatment reasonably and necessarily related to Andrews's injury. We reverse and remand with instructions.
The trial court's February 6, 2007, judgment states:
 "It is hereby ORDERED, ADJUDGED and DECREED, [Andrews] was injured on or about November 3, 2003 and reached [maximum medical improvement] on April 24, 2006. Since the date of his original injury, to date and continuing [Andrews] is permanently and totally disabled.
 "The Court finds that there is no job for which [Andrews] is reasonably suited in light of his current condition, medications and pain. See Master Brand Cabinets, Inc. v. Johnson, 984 So.2d 1136
(Ala.Civ.App. 2005).
 "The Court finds that [Andrews] had a preexisting condition which began in approximately 1993 or earlier. [Andrews] was able to return to work without limitation in 1999 and had a substantial income up to and through November 3, 2003, when he was injured working for Defendant [Francis] Powell Enterprises, Inc. [Andrews] is entitled to permanent total disability benefits notwithstanding the preexisting back injury given the fact that he was able *Page 915 
to regain full employment without restrictions at premium pay. See Reeves Rubber, Inc., v. Wallace, 912 So.2d 274 (Ala.Civ.App. 2005).
 "The Court finds that [Andrews's] medical benefits have been paid to date and there are no outstanding medical expenses.
 "It is further ORDERED, ADJUDGED, and DECREED that Defendant, [Francis] Powell Enterprises, Inc., shall be responsible for all medical treatment reasonably and necessarily related to [Andrews's] injury as provided for by § 25-5-77 of the Code of Alabama (1975).
 "It is further ORDERED, ADJUDGED and DECREED that Defendant [Francis] Powell Enterprises, Inc., shall pay to [Andrews's] attorney a lump sum attorney's fee commuted in the amount of $51,301.20 representing fifteen (15%) percent of the present value of the future benefits owed to [Andrews].
 "The Court finds that [Andrews's] compensation rate is $440.90 weekly. Workers' compensation benefits are current and have been paid up to and through the date of trial and are to continue at the rate of $374.76 weekly which deducts a 15% attorney fee."
On appeal, Francis Powell Enterprises argues, among other things, that the trial court's judgment does not comply with § 25-5-88, Ala. Code 1975. That section provides, in pertinent part:
 "At the hearing or any adjournment thereof the court . . . shall decide the controversy. This determination shall be filed in writing with the clerk of said court, and judgment shall be entered thereon in the same manner as in civil actions tried in the said circuit court and shall contain a statement of the law and facts and conclusions as determined by said judge."
Francis Powell Enterprises argues that the judgment fails to satisfy § 25-5-88 because, it alleges, the judgment does not address the issues whether Andrews gave proper notice of injury and whether Andrews failed to disclose a preexisting injury.
In Harbin v. United States Steel Corp.,356 So.2d 179 (Ala.Civ.App. 1978), this court reversed the judgment and remanded the case because the trial court had failed to address or to make findings regarding the issue of notice of injury to the employer. In Harbin, this court stated:
 "In the present case the question of whether Harbin notified his employer of his injury was pleaded, contested and submitted to the trial court for its determination. Despite this fact there was no finding made on this issue in the court's original judgment. Nonetheless, Harbin maintains that the absence of a finding of notice of injury does not require reversal since a number of Alabama cases have held that when a finding of the trial court is merely meager or omissive, the reviewing court may examine the evidence in order to decide if the trial court's judgment can be sustained. E.g., West Point Mfg. Co. v. Bennett, 263 Ala. 571, 83 So.2d 303 (1955); Alabama Textile Products Corp. v. Grantham, 263 Ala. 179, 82 So.2d 204 (1955). However, such is not the rule when, as here, there was no finding made on the issue in question."
356 So.2d at 181-82. The court went on to say:
 "Without the existence of notice the employee is not entitled to [workers'] compensation benefits. Consequently, in situations where the notice requirement is at issue there must be a finding of fact in the trial court's judgment which notes the existence or absence of notice to the employer." *Page 916 
356 So.2d at 182. In Harbin, the court reversed the judgment and remanded the case with instructions to the trial court to determine whether Harbin had provided notice of injury to his employer.
In Dun Bradstreet Corp. v. Jones, 678 So.2d 181
(Ala.Civ.App. 1996), this court again addressed the issue of findings regarding notice of injury to the employer, and this court relied upon Harbin, supra, to reverse the trial court's judgment and remand the case. In Dun Bradstreet Corp., this court stated:
 "In its amended answer to Jones's complaint, Dun 
Bradstreet specifically raised the defense that it had not received notice of Jones's alleged on-the-job injury as required by the Workers' Compensation Act. Additionally, the record reveals that the issue was litigated. Therefore, the judgment must be reversed and the case remanded to the trial court for a determination of whether Jones provided her employer with notice of her injuries."
678 So.2d at 187. As in Harbin, because the issue of notice had been pleaded and litigated, this court again reversed the trial court's judgment and remanded the case with instructions that the trial court determine whether the employee provided her employer with notice of her injuries.
Francis Powell Enterprises pleaded in its answer that Andrews had failed to "provide proper notice pursuant to the Alabama Workers' Compensation Act." The record reveals that the issue was litigated. The trial court's judgment is due to be reversed and the case remanded to the trial court on the basis that the judgment does not contain a finding responsive to the properly pleaded and litigated issue of notice of injury to the employer. See Dun Bradstreet, supra; andHarbin, supra.
Although the trial court's judgment does address the issue of the existence of a preexisting injury, the trial court failed to make a finding responsive to Francis Powell Enterprises' affirmative defense that Andrews had failed to disclose a preexisting condition in violation of § 25-5-51, Ala. Code 1975. Francis Powell Enterprises pleaded that affirmative defense in its answer, and the record reveals that that issue was litigated. "[T]he trial court has a duty to make a finding on each issue presented and litigated before it. In instances where the trial court fails to make a finding responsive to the issue presented, the case must be reversed." Thomas v. GoldKist, Inc., 628 So.2d 864, 867 (Ala.Civ.App. 1993); see also Dun Bradstreet, supra; and Harbin, supra. The trial court did not make a finding regarding Francis Powell Enterprises' affirmative defense that Andrews had failed to disclose a preexisting condition in violation of § 25-5-51, Ala. Code 1975. Accordingly, we must reverse the trial court's judgment and remand the case with instructions.
Although Francis Powell Enterprises has raised several other issues on appeal, we pretermit discussion of those issues because we are reversing the judgment and remanding the case to the trial court with instructions to make the necessary findings of fact and conclusions of law relating to the properly pleaded and litigated issues of notice of injury and Francis Powell Enterprises' affirmative defense of failure to disclose a preexisting injury in violation of § 25-5-51.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
 MOORE, J., recuses himself. *Page 917