THOMAS, Judge.
 

 Equipment Sales Corporation appeals the judgment of the trial court awarding Paul Gwin benefits under the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975.
 

 On September 20, 2004, Gwin sued Equipment Sales alleging that he had suffered a compensable injury to his back on August 11, 2004, and seeking workers’ compensation benefits. On November 29, 2004, Equipment Sales answered. The trial court conducted a trial of the matter on
 
 *1126
 
 March 22, 2007, heard ore tenus testimony from Gwin, and admitted into evidence a number of exhibits, including the deposition of Dr. Thomas Richard Dempsey, Gwin’s treating physician. On July 2, 2007, the trial court rendered a judgment in favor of Gwin and against Equipment Sales. That judgment was entered on August 2, 2007.
 
 See
 
 Rule 58(c), Ala. R. Civ. P. Equipment Sales timely filed its notice of appeal.
 
 [1]
 

 On appeal, Equipment Sales first argues that Gwin’s claim against it is barred by the last-injurious-exposure rule. In support of this argument, Equipment Sales cites
 
 Ex parte Pike County Commission,
 
 740 So.2d 1080 (Ala.1999),
 
 Alpine Associate Industrial Services, Inc. v. Smitherman,
 
 897 So.2d 391 (Ala.Civ.App.2004), and
 
 Kohler Company v. Miller,
 
 921 So.2d 486 (Ala.Civ.App.2005).
 

 In
 
 Kohler Company v. Miller,
 
 an employee sued Kohler Company, Inc., alleging that she was entitled to workers’ compensation benefits for injuries caused by repetitive motions she had been required to make during her employment with Koh-ler. Kohler answered and filed a third-party complaint against the employee’s subsequent employer, Cinram, Inc. The third-party complaint alleged that the employee had suffered an aggravation of a preexisting injury while working for Cin-ram; it also alleged that Cinram was liable to the employee for workers’ compensation benefits. Cinram moved for a summary judgment, arguing, among other things, that the employee had not suffered a new injury or an aggravation of a preexisting injury. Cinram argued that the employee had suffered a recurrence of a preexisting condition that had been caused by an on-the-job injury that had occurred when the employee was employed by Kohler. The trial court entered a summary judgment in favor of Cinram on the third-party complaint.
 

 On appeal, Kohler argued that the trial court had erred by entering a summary judgment in favor of Cinram on the third-party complaint because, it asserted, there was a disputed issue of material fact with regard to whether the last-injurious-exposure rule applied. This court discussed the last-injurious-exposure rule, quoting
 
 Patterson v. Liz Claiborne, Inc.,
 
 872 So.2d 181, 186 (Ala.Civ.App.2003):
 

 “ ‘ “Under the ‘last injurious exposure’ rule, ‘liability falls upon the carrier covering [the] risk at the time of the most recent injury bearing a causal relation to the disability.’
 
 North River Insurance Co. v. Purser,
 
 608 So.2d 1379, 1382 (Ala.Civ.App.1992). The trial court must determine whether the second injury is ‘a new injury, an aggravation of a prior injury, or a recurrence of an old injury; this determination resolves the issue of which insurer is liable.’
 
 Id.
 

 “ ‘ “A court finds a recurrence when ‘the second [injury] does not contribute even slightly to the causation of the [disability].’ 4 A. Larson,
 
 The Law of Workmen’s Compensation,
 
 § 95.23 at 17-142 (1989). ‘[T]his group also includes the kind of case in which a worker has suffered a back strain, followed by a period of work with continuing symptoms indicating that the original condition persists, and culminating in a second period of
 
 *1127
 
 disability precipitated by some lift or exertion.’ 4 A. Larson, § 95.23 at 17-152.
 
 A court finds an ‘aggravation of an injury’ when the ‘second [injury] contributed independently to the final disability.’
 
 4 A. Larson, § 95.22 at 17-141. If the second injury is characterized as a recurrence of the first injury, then the first insurer is responsible for the medical bills; however, if the injury is considered an aggravation of the first injury, then it is considered a new injury and the employer at the time of the aggravating injury is liable for the medical bills and disability payments.
 
 North River, supra.”
 

 “ ‘United States Fid. & Guar. Co. v. Stepp,
 
 642 So.2d 712, 715 (Ala.Civ.App.1994).’ ”
 

 Kohler Co. v. Miller,
 
 921 So.2d at 445 (emphasis added). The last-injurious-exposure rule applies to employers as well as insurance carriers.
 
 Id.
 

 In
 
 Kohler Co. v. Miller,
 
 this court affirmed the summary judgment entered in favor of Cinram on the basis that Kohler had
 

 “failed to present substantial evidence indicating that the worker’s employment with Cinram either caused a new injury or aggravated her old injury to the extent that it increased her disability. Kohler submitted no evidence indicating that the worker suffered a ‘new1 injury or an ‘aggravation’ of an old injury at Cinram; instead, the evidence was undisputed that the worker experienced a recurrence of the earlier
 
 symptoms
 
 of the injuries she had sustained while working at Kohler.”
 

 921 So.2d at 445.
 

 Here the last-injurious-exposure rule was presented to the trial court, and the issue was litigated. Gwin was diagnosed with an annular tear of ligaments between his L4 and L5 vertebra, which caused lower-back pain. There was evidence indicating that Gwin’s injury was independently contributed to and aggravated by his employment at a Home Depot hardware store subsequent to his employment with Equipment Sales. Equipment Sales argued to the trial court, citing the same authority in support of its arguments that it cites on appeal, that the last-injurious-exposure rule operated to bar Gwin’s workers’ compensation claim against it.
 

 At the beginning of the trial of this matter, Gwin’s counsel stated: “Mr. Gwin was capable of going back to work after this injury on limited duty, and he actively sought re-employment after he was terminated from Equipment Sales and subsequently got employment with Home Depot •within two months.” Counsel for Equipment Sales also stated to the trial court:
 

 “I believe there’s another issue about the last-injurious-exposure rule as to who if there is a compensable condition, whose condition is it, which employer is responsible for it and has his subsequent employment worsened his condition so now they are responsible for it. I’m talking about Home Depot now.”
 

 Gwin testified that the accident at Equipment Sales occurred on August 11, 2004. Gwin was subsequently discharged from Equipment Sales two days later. Although Dr. Dempsey opined that Gwin reached maximum medical improvement within 10 to 12 weeks after the injury, Gwin admitted that he had started a job with Home Depot “in early October.” Dr. Dempsey has limited Gwin’s lifting to no more than 20 pounds occasionally and to no more than 10-20 pounds on a frequent basis. Gwin admitted that Dr. Dempsey has placed lifting restrictions upon him. However, Gwin also admitted that within the course of his employment at Home Depot he has frequently exceeded those
 
 *1128
 
 lifting restrictions. Gwin’s employment with Home Depot also requires prolonged standing, which Gwin testified affects his back condition. Upon cross-examination of Gwin, the following exchange occurred:
 

 “Q. [Counsel for Equipment Sales:] You’ve actually testified and told me before that your job at Home Depot has made your back worse th[a]n it was when you left Equipment Sales, didn’t you?
 

 “A. I believe it has added to it.
 

 “Q. And you’re still doing all those things we talked about, the standing and the lifting at Home Depot?
 

 “A. Yes.”
 

 Dr. Dempsey opined that Gwin had a 10% impairment to his body as a whole. However, Gwin testified that his lower back functioned at 60% capacity, as compared to the functioning of his lower back before the accident at Equipment Sales and his subsequent employment at Home Depot.
 

 Dr. Dempsey agreed that the annular tear suffered by Gwin was something that could be “aggravated” by working and by engaging in activities such as lifting, twisting, and bending. Dr. Dempsey also confirmed that Gwin had reported to him that he was working at Home Depot, was violating the lifting restrictions, and was capable of working the entire day.
 

 Equipment Sales properly raised the last-injurious-exposure rule as a defense to liability for Gwin’s workers’ compensation claim, and the parties litigated that issue. However, the trial court failed to address the last-injurious-exposure rule in its findings of fact and conclusions of law. See § 25-5-88, Ala.Code 1975.
 

 Equipment Sales also argues on appeal, as it did at trial, that, because Gwin was not working as a “normal man” at the time of his alleged accident the trial court erred by failing to make findings of fact and conclusions of law regarding apportionment of Gwin’s alleged disability pursuant to §§ 25-5-57(a)(4)e. and 25-5-58, Ala. Code 1975. Section 25-5-57(a)(4)e. provides:
 

 “e. Second Permanent Injuries Generally. If an employee has a permanent disability or has previously sustained another injury than that in which the employee received a subsequent permanent injury by accident, as is specified in this section defining permanent injury, the employee shall be entitled to compensation only for the degree of injury that would have resulted from the latter accident if the earlier disability or injury had not existed.”
 

 Section 25-5-58 provides:
 

 “If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed.”
 

 This Court has stated:
 

 “In short, we have defined preexisting condition in terms of its effect on the employee’s ability to earn. An ‘infirmity,’ as well as a ‘disability,’ pursuant to section 25-5-58, Code 1975, is simply a condition affecting the employee’s ability to work as a normal man, both prior to and at the time of a job-related accident, or as probably affecting the employee during the period of compensation.”
 

 Gold Kist, Inc. v. Nix,
 
 519 So.2d 556, 557 (Ala.Civ.App.1987). This Court has further stated:
 

 “ ‘These two Code sections have been construed by this court to mean that if the worker had fully recovered from his first injury, then that injury was no
 
 *1129
 
 longer a factor in arriving at the percentage of ability to earn in his disabled condition.
 
 Wal-Mart Stores, Inc. v. Bratton,
 
 678 So.2d 1071 (Ala.Civ.App.1995), rev’d on other grounds,
 
 Ex parte Bratton,
 
 678 So.2d 1079 (Ala.1996);
 
 Blue Circle, Inc. v. Williams,
 
 579 So.2d 630 (Ala.Civ.App.1991);
 
 McKinney Petroleum Equipment, Inc. v. Connell,
 
 453 So.2d 1044 (Ala.Civ.App.1984);
 
 Thompson & Co. Contractors v. Cole,
 
 391 So.2d 1042 (Ala.Civ.App.1980). However, if the worker had not fully recovered from the prior injury, §§ 25-5-57(a)(4)e. and 25-5-58 would limit the company’s liability to only the increased disability suffered by the employee caused by the current injury.
 
 Druid City Hospital Regional Medical Center v. Junkins,
 
 495 So.2d 69 (Ala.Civ.App.1986). Thus, the dispositive issue is whether the worker had fully recovered from the earlier injury at the time of his current injury.’ ”
 

 General Motors Corp. v. Jackson,
 
 823 So.2d 695, 699 (Ala.Civ.App.2001) (quoting
 
 Champion Int’l Corp. v. Williams,
 
 686 So.2d 1204, 1207 (Ala.Civ.App.1996)).
 

 There was testimony indicating that, before he was employed by Equipment Sales, Gwin had suffered a previous injury to his neck and upper back. Further, there was testimony indicating that Gwin was subject to permanent lifting restrictions because of that previous injury while he was employed at Equipment Sales. Gwin also testified that he was restricted from operating heavy equipment because of that injury. In its judgment, the trial court touched upon Gwin’s inability to operate heavy equipment, but it did not address the Equipment Sales’ apportionment arguments pursuant to §§ 25-5-57(a)(4)e. and 25-5-58.
 

 Although the issue was presented and litigated, the trial court failed to address the last-injurious-exposure rule in its findings of fact and conclusions of law, as required by § 25-5-88, Ala.Code 1975. Likewise, the trial court failed to make findings of fact and conclusions of law regarding Equipment Sales’ preexisting-injury and apportionment defenses. “The purpose of Ala.Code 1975, § 25-5-88, is to ‘ensure sufficiently detailed findings so that the appellate court can determine whether the judgment is supported by the facts.’ ”
 
 Farris v. St. Vincent’s Hosp.,
 
 624 So.2d 183, 185 (Ala.Civ.App.1993) (quoting
 
 Elbert Greeson Hosiery Mills, Inc. v. Ivey,
 
 472 So.2d 1049, 1052 (Ala.Civ.App.1985)). “[T]he trial court has a duty to make a finding on each issue presented and litigated before it. In instances where the trial court fails to make a finding responsive to the issue presented, the case must be reversed.”
 
 Thomas v. Gold Kist, Inc.,
 
 628 So.2d 864, 867 (Ala.Civ.App.1993); see also
 
 Harbin v. United States Steel Corp.,
 
 356 So.2d 179 (Ala.Civ.App.1978); and
 
 Dun & Bradstreet Corp. v. Jones,
 
 678 So.2d 181 (Ala.Civ.App.1996). In
 
 Harbin v. United States Steel Corp.,
 
 this court reversed the trial court’s judgment and remanded the case because the trial court had failed to address or to make findings regarding the issue of notice of injury to the employer, despite the issue being presented and litigated. In
 
 Harbin,
 
 this court stated:
 

 “In the present case the question of whether Harbin notified his employer of his injury was pleaded, contested and submitted to the trial court for its determination. Despite this fact there was no finding made on this issue in the court’s original judgment. Nonetheless, Harbin maintains that the absence of a finding of notice of injury does not require reversal since a number of Alabama cases have held that when a finding of the trial court is merely meager or omissive, the reviewing court may examine the evidence in order to decide if the trial
 
 *1130
 
 court’s judgment can be sustained.
 
 E.g., West Point Mfg. Co. v. Bennett,
 
 263 Ala. 571, 83 So.2d 303 (1955);
 
 Alabama Textile Products Corp. v. Grantham,
 
 263 Ala. 179, 82 So.2d 204 (1955). However, such is not the rule when, as here, there was no finding made on the issue in question.”
 

 356 So.2d at 181-82. Although the trial court in this case did make findings of fact and conclusions of law, the trial court did not make a finding responsive to the presented and litigated issues of the last-injurious-exposure rule and apportionment under § 25-5-57(a)(4)e. and § 25-5-58. Accordingly, we must reverse the trial court’s judgment and remand the case.
 

 Equipment Sales has raised several other issues on appeal. We pretermit discussion of those issues because we are reversing the judgment and remanding the case to the trial court with instructions to make the necessary findings of fact and conclusions of law relating to the litigated issues of the last-injurious-exposure rule and apportionment under § 25-5-57(a)(4)e. and § 25-5-58.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . Equipment Sales filed a notice of appeal to this court on July 26, 2007. The notice of appeal was filed before the entry of the final judgment and became effective on the same day that the judgment was entered. Rule 4(a), Ala. R.App. P. Rule 4(a)(4) provides: "A notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after the entry and on the date thereof.”