THOMPSON, Presiding Judge,
concurring specially.
I agree with the main opinion that the Alabama Juvenile Justice Act (“the AJJA”), § 12-15-101 et. seq., Ala.Code 1975, does not require that a juvenile court make specific findings when entering a judgment terminating parental rights. However, I urge the legislature to amend the AJJA to require ■ such findings, as do the statutes of a number of other states.[2] *586 Termination-of-parental-rights actions affect the fundamental constitutional rights of parents. See, e.g., J.C. v. State Dep’t of Human Res., 986 So.2d 1172, 1198-1200 (Ala.Civ.App.2007) (Moore, J., concurring in the result); G.P. v. Houston Cty. Dep’t of Human Res., 42 So.3d 112, 122 (Ala.Civ.App.2009). Adding a requirement in the AJJA that termination-of-parental-rights judgements contain specific findings would serve to protect the fundamental rights of parents whose parental rights are at issue.
In this state, the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala. Code 1975, requires that a trial court make findings to support a workers’ compensation judgment in order to “ ‘ “ensure sufficiently detailed findings so that the appellate court can determine whether the judgment is supported by the facts.” ’ ” Equipment Sales Corp. v. Gwin, 4 So.3d 1125, 1129 (Ala.Civ.App.2008) (quoting Farris v. St. Vincent’s Hosp., 624 So.2d 183, 185 (Ala.Civ.App.1993), quoting in turn Elbert Greeson Hosiery Mills, Inc. v. Ivey, 472 So.2d 1049, 1052 (Ala.Civ.App. 1985)). Such a requirement should be also imposed in termination-of-parental-rights actions subject to the AJJA, and an amendment to the AJJA imposing such a requirement should be simple and noncontroversial. A requirement that juvenile courts—charged with protecting our state’s most vulnerable children—make factual findings would also expedite appellate review, thereby decreasing the time in which children are before the courts and assist in assuring that the courts are operating to protect the best interests of the children that are before the courts.
However, this court is bound by the precedent of our supreme court, and given that court’s holding in Ex parte State Department of Human Resources, 624 So.2d 589, 593 (Ala.1993), I concur with the main opinion.

. A number of states’ statutes require the entry of specific findings of fact before a court may terminate a parent's fundamental right to his or her child. See, e.g., Ariz.Rev.Stat. § 8-538.A. (“Every order of the court terminating the parent-child relationship or transferring legal custody or guardianship of the person of the child or providing for protective supervision of the child shall be in writing and shall recite the findings on which the order is based.Conn. Gen.Stat, Ann. § 45a-717(h) ("Except in the case where termination is based on consent, in determining whether to terminate parental rights under this section, the court shall consider and shall make written findings...,”); Fla. Stat. § 39,809(5) (In an action involving the termination of parental rights, “[t]he judge shall enter a written order with the findings of fact and conclusions of law.”); Ga.Code Ann. § 15—11—320(b) ("The court’s order shall: (1) Contain written findings on which the order is based, including the factual basis for a determination that grounds for termination of parental rights exist and that termination is in the best interests of the child....”); Haw. Rev.Stat. § 571-63 ("No judgment of termination of parental rights entered under sections 571-61 to 571-63 shall be valid or binding unless it contains a finding that the facts upon which the petition is based bring the child within such sections and have been proved by the evidence and that the adjudication of termination of parental rights is necessary for the protection and preservation of the best interests of the child concerned and will facilitate the legal adoption of the child.”); Idaho Code § 16-2010(1) ("Every order of the court terminating the parent and child relationship or transferring legal custody or guardianship of the person of the child shall be in writing and shall recite the findings upon which such order is based, including findings pertaining to the court's jurisdiction.”); Ind.Code § 31-35-2-8(c) ("The court shall enter findings of fact that support the entry of the conclusions required by subsections (a) and (b).”); Iowa Code § 232.117.1. ("After the hearing is concluded the court shall make and file written findings.”); Ky. Rev.Stat. Ann, § 625.090(6) ("Upon the conclusion of proof and argument of counsel, the Circuit Court shall enter findings of fact, conclusions of law, and a decision as to each parent-respondent within thirty (30) days either; (a) Terminating the right of the parent; or (b) Dismissing the petition and stating whether the child shall be returned to the parent or shall remain in the custody of the state.”); La. Child. Code Ann. art. 1037.B. ("When the court finds that the alleged grounds set out in any Paragraph of Article 1015 are proven by the evidentiary standards required by Article 1035 and that it is in the best interests of the child, it shall order the termination of the parental rights of the parent against whom the allegations are proven. The court shall enter written findings on both issues.”); Mo.Rev.Stat. § 211.477.5 (“Orders of the court ... shall recite the jurisdictional facts, factual findings on the existence of grounds for termination and that the best interests of the child are served by the disposition stated in the order.”); Nev.Rev.Stat. § 128.105.1. ("An order of the court for the termination of parental rights must be made in light of the considerations set forth in this section and NRS 128.106 to 128.109, inclusive, and based on evidence and include [specific] finding[s].”); N.H.Rev.Stat. Ann. § 170-C:11.I. ("Every order of the court terminating the parent-child relationship or transferring legal custody or guardianship of the person of the child shall be in writing and shall recite the findings upon which such order is based, including findings pertaining to the court’s jurisdiction.”); 23 Pa. Cons.Stat. § 2513(d) ("After hearing, which may be private, the court shall make a finding relative to the pertinent provisions of section 2511 (relating to grounds for involuntary termination) and upon such finding may enter a decree of termination of parental rights.”); 15 R.I. Gen. Laws § 15-7-7.1 (“The court shall make findings of fact and conclude all hearings on petitions for termination of parental rights within one hundred eighty (180) days after notice to the natural parents has been effectuated.”); and Tenn.Code Ann. § 36—1—113(k) ("The court shall enter an order [terminating *586 parental rights] that makes specific findings of fact and conclusions of law within thirty (30) days of the conclusion of the hearing.”); see also In re T.T.S., 373 P.3d 1022, 1030 (Okla.2015) (“For the same reasons set out herein above, we conclude that in future proceedings initiated under 10A O.S. 2011 § 1-4~904(B)(5), a final order terminating parental rights shall identify the precise conditions the parent failed to correct.”).