The sole issue presented in this case is whether the permanent injunction issued by the trial court complies with Rule 65(d)(2), Ala.R.Civ.P. We hold that it does not; therefore, the injunction is dissolved.
The State of Alabama, by and through its attorney general, sued Bankruptcy Authorities, Inc., a company involved in the retail sale of furniture, and its president, Samuel W. Kelley, seeking to temporarily restrain and, ultimately, to permanently enjoin them from engaging in what the state alleged were deceptive trade practices. The state alleged that the company's name, "Bankruptcy Authorities, Inc.," as well as certain advertisements that were being used by the company, were confusing and misleading and that they created the false impression that the company was in some way affiliated with or acting under the auspices of a federal bankruptcy court. The trial court issued a temporary restraining order that stated, in pertinent part, as follows:
 "The Defendants, Bankruptcy Authorities, Inc., and Samuel W. Kelley . . . are restrained and enjoined from placing, publishing or purchasing advertisements with any [medium], print or broadcast, which causes confusion or misunderstanding as to the source, sponsorship, approval or certification of goods sold, or offered for sale, by said Defendants, and from making false or misleading statements of fact concerning the reasons for, existence of, or amounts of, price reduction of said goods in violation of § 8-19-5(2) and (11), Code of Alabama 1975."
While this T.R.O. was in effect, the state moved to hold the defendants in contempt of court for allegedly failing to abide by the terms of the T.R.O. The trial court, after holding a full evidentiary hearing, found the defendants to be in contempt and entered the following order:
 "This cause came on to be heard at the time scheduled for the hearing on the Rule Nisi to determine if the Defendants have violated the terms of the 'Temporary Restraining Order' issued by this Court on August 3, 1988, and extended *Page 1043 
by consent of counsel on August 11, 1988.
 "Based on the facts presented to the Court, the Court has determined that the Defendants have violated the provisions of the 'Temporary Restraining Order' in that they have published and purchased advertisements on television and in the newspaper which cause confusion or misunderstanding as to the source of goods sold or offered for sale and that they have made false and misleading statements of fact concerning the reasons for, or existence of, or amounts of price reductions of said goods. Examples of these violations are the advertisement in which the Defendants stated that the lease had been terminated in a fashion to indicate that the landlord had terminated their lease when, in fact, the landlord did not terminate their lease and by running an ad in the newspaper and an ad on television by using the words 'Bankruptcy Authorities' without the 'Inc.' after it and by running newspaper ads using the words 'Bankruptcy Authorities' in capital letters with 'inc.' in small letters behind it and in smaller type.
 "While the Court is not now ruling that the words 'Bankruptcy Authorities' could not be used by a business, it is the opinion of the Court that the Defendants have intentionally used these words in an effort to mislead the public and, therefore, have violated the terms of the 'Temporary Restraining Order.' It is further the opinion of the Court that the normal sanctions for violation of a court order are not sufficient to prevent the continuing misuse of the words 'Bankruptcy Authorities.'
 "It is, therefore, ORDERED, ADJUDGED and DECREED by the Court as follows:
 "ONE: The Defendants, Bankruptcy Authorities, Inc., and Samuel W. Kelley, are found to be in contempt of the 'Temporary Restraining Order' issued by the Court on August 3, 1988, and extended by consent of counsel for all parties on August 11, 1988, in that the Defendants have intentionally placed and purchased advertisements on television and in newspapers which cause confusion and misunderstanding as to the source of goods sold or offered for sale by the Defendants [and] by making false or misleading statements of fact concerning the reasons for, or existence of, or amounts of price reductions of said goods. Defendant Bankruptcy Authorities, Inc., is hereby fined ONE HUNDRED AND NO/100 DOLLARS ($100.00) for violation of the Court's order. Defendant Samuel W. Kelley is hereby fined ONE HUNDRED AND NO/100 DOLLARS ($100.00) for violation of the Court's order. These fines are to be paid to the Clerk of the Court within 14 days of the date of this order.
 "TWO: Because of the Court's opinion that the fines set out above are not sufficient to prevent a continuing violation of the Court's order, the Court hereby, ex mero motu, amends the 'Temporary Restraining Order' issued August 3, 1988, by adding the following paragraph number 5 thereto:
 " '5. Defendant Bankruptcy Authorities, Inc., and Defendant Samuel W. Kelley are hereby restrained and enjoined from using the words 'Bankruptcy Authorities' in any ad placed with any [medium], print or broadcasting, pending the hearing of this cause on the merits.' "
Subsequently, the state moved a second time to hold the defendants in contempt for allegedly failing to abide by the temporary restraining order. Before the trial court could rule on the second motion, however, the defendants and the state had entered into the following agreement:
 "The parties hereto have agreed, pending the final hearing of this matter, that the Defendants will not use the terms 'Bankruptcy,' 'Seized' and/or 'Confiscated' in any of its advertising or on its on-site signs. The parties further agree that this agreement is in addition to the Court's previous orders in this matter. The terms of this agreement shall become effective and applicable on Monday, May 22, 1989. Provided, however, the Defendants agree that until Monday, May 22, 1989, all the on-site furniture *Page 1044 
purchased from the Chapter 11 furniture manufacturer, namely, Southern Heritage, shall be conspicuously marked as being 'Bankruptcy Furniture.' Additionally, the Defendants have fourteen days to have their on-site sign of 'Bankruptcy Clearinghouse' changed to comply with the terms of this agreement."
The trial court later denied the state's second contempt motion, stating that the issue raised therein had been rendered moot by the agreement. Ultimately, the trial court issued a permanent injunction, based on the evidence that had previously been presented in connection with the state's first contempt motion. The permanent injunction read, in pertinent part, as follows:
 "This cause came on to be heard at the time scheduled for the oral hearing on the merits and the case was submitted upon the transcript of the hearing before this Court on February 2, 1989, and considering the Court's prior orders and preliminary injunction and the other pleadings and material filed in this case, the Court finds that the preliminary injunction should be made permanent.
 "It is, therefore, ORDERED, ADJUDGED and DECREED by the Court as follows:
 "ONE: The Defendants, Bankruptcy Authorities, Inc., and Samuel W. Kelley, . . . are hereby permanently restrained and enjoined from placing, publishing or purchasing advertisements with any [medium], print or broadcast, which causes confusion or misunderstanding as to the source, sponsorship, approval or certification of goods sold, or offered for sale, by said Defendants, and from making false or misleading statements of fact concerning the reasons for[, or] existence of, or amounts of, price reduction of said goods in violation of Section 8-19-5(2) and (11), Code of Alabama, 1975."
The defendants then filed this appeal.
The defendants contend that the permanent injunction lacks the specificity required by Rule 65(d)(2), which provides:
 "Every order granting an injunction shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."
(Emphasis added.)
Particularly, the defendants argue that the permanent injunction 1) does not give the reasons for its issuance, 2) is not specific in its terms, and 3) does not describe in reasonable detail, without reference to the complaint or other documents, the act or acts restrained.
The state's contention is, in effect, that the specific act or acts restrained can be discerned by looking to the entire record. In other words, the state says that the permanent injunction complies with Rule 65(d)(2) because, it says, the act or acts that were intended to be permanently restrained by the trial court are clearly reflected in the temporary restraining order, the order entered in connection with the state's first contempt motion, and the agreement executed by the defendants and the state in response to the state's second contempt motion.
It is apparent that the permanent injunction does not comply with Rule 65(d)(2). First, there are no specific reasons stated for the issuance of the permanent injunction. Obviously the trial court issued the injunction to restrain what it found to be violations of § 8-19-5(2) and (11), part of Alabama's Deceptive Trade Practices Act, Ala. Code 1975, § 8-19-1 et seq.[1]
Even so, Rule 65(d)(2) states in mandatory *Page 1045 
terms that an injunction must recite the specific reason or reasons for its issuance. See Teleprompter of Mobile, Inc. v.Bayou Cable TV, 428 So.2d 17 (Ala. 1983). Second, and perhaps more importantly, the permanent injunction issued by the trial court does not describe in reasonable detail, without reference to other parts of the court's file, the act or acts restrained. To the contrary, the injunction does no more than direct the defendants not to violate § 8-19-5(2) and (11). Blanket injunctions against a general violation of state law, such as the injunction issued in this case, do not satisfy the specificity requirements of Rule 65(d)(2). See Miglionico v.Birmingham News Co., 378 So.2d 677 (Ala. 1979); see, also,International Brotherhood of Electrical Workers v. Morton,365 So.2d 662, 664 (Ala. 1978), wherein this Court, quoting Schmidtv. Lessard, 414 U.S. 473, 94 S.Ct. 713, 38 L.Ed.2d 661 (1974), stated:
 " 'As we have emphasized in the past, the specificity provisions of Rule 65(d) are no mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood. [Citations omitted.] Since an injunctive order prohibits conduct under threat of judicial punishment, basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed.
 " 'The requirement of specificity in injunction orders performs a second important function. Unless the trial court carefully frames its orders of injunctive relief, it is impossible for an appellate tribunal to know precisely what it is reviewing. . . .' [Footnotes omitted.]"
The state's argument that the specifics of the permanent injunction may be filled in by reference to the record of the proceedings below is clearly foreclosed by the Rule's express prohibition against the incorporation by reference of the details that may be set out in other court documents. The trial court can issue a permanent injunction in this case that complies with Rule 65(d)(2) by specifically stating what the defendants cannot do (i.e., that the defendants cannot use the company name "Bankruptcy Authorities, Inc."; that the defendants cannot use the terms "Bankruptcy," "Seized," "Confiscated," or other terms the use of which was found by the trial court to violate the law, in company advertising or on the company's on-site signs). In its present form, however, the permanent injunction creates uncertainty and confusion on the part of the defendants, who face possible future contempt proceedings, because it does not make it clear exactly which act or acts were restrained. Rule 65(d)(2) was designed to prevent such uncertainty and confusion.
For the foregoing reasons, the permanent injunction is hereby dissolved and the case is remanded for the issuance of a permanent injunction that complies with the requirements of Rule 65(d)(2).
INJUNCTION DISSOLVED AND CASE REMANDED WITH DIRECTIONS.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] Section 8-19-5 provides, in pertinent part, as follows:
"The following deceptive acts or practices in the conduct of any trade or commerce are hereby declared to be unlawful:
". . . .
"(2) Causing confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services;
". . . .
"(11) Making a false or misleading statement of fact concerning the reasons for, existence of or amounts of price reductions."