INGRAM, Justice.
Bankruptcy Authorities, Inc., and Samuel W. Kelley, president of Bankruptcy Authorities (together hereinafter referred to as “Bankruptcy Authorities”), appeal the judgment of the trial court on remand following this Court’s judgment in Bankruptcy Authorities, Inc. v. State, 592 So.2d 1042 (Ala.1992). Bankruptcy Authorities argues that the trial court erred in holding that the evidence presented by the State was sufficient to warrant a permanent injunction restraining it from using the corporation’s name and from using the terms “bankruptcy,” “seized,” and/or “confiscated” in its advertising and on-site signs.
In the earlier proceeding, this Court dissolved the permanent injunction because it did not comply with Rule 65(d)(2), Ala. R.Civ.P., which requires that the order granting the injunction set forth specifically the reasons for granting the injunction and the conduct restrained. Bankruptcy Authorities, 592 So.2d at 1044-45. The opinion of this Court notes that the only issue raised in that case was “whether the permanent injunction issued by the trial court complie[d] with Rule 65(d)(2), Ala. R.Civ.P.” Id. at 1042. After holding that the trial court’s order did not specify reasons for the issuance of the injunction and did not specify the conduct prohibited by the injunction, the Court “remanded [the case] for the issuance of a permanent injunction that complie[d] with the requirements of Rule 65(d)(2).” Id. at 1045.
Bankruptcy Authorities did not raise the sufficiency of the evidence to support the trial court’s finding that Bankruptcy Authorities had violated § 8-19-5(2) and (11), Ala.Code 1975. (Deceptive Trade Practices Act). “ ‘[The] failure to argue an issue in brief to an appellate court is tantamount to the waiver of that issue on appeal.’ ” Harris v. Gill, 585 So.2d 831, 835 (Ala.1991) (quoting Ex parte Riley, 464 So.2d 92 (Ala.1985)). Also, when this Court remands a case for correction of an order, without addressing the sufficiency of the evidence to support the trial court’s findings of fact, the trial court is to apply the holding of this Court to its findings of fact. See Costellos v. Jebeles, 406 So.2d 393, 394 (Ala.1981). Therefore, we hold that the failure of Bankruptcy Authorities on its first appeal to this Court to raise an issue concerning the sufficiency of the evidence constituted a waiver of that issue. When this Court remanded this case, instructing the trial court to correct its order, the trial court was instructed only to apply Rule *628 65(d)(2) to the findings of fact already established by the trial on the merits.
We affirm the permanent injunction against Bankruptcy Authorities.
AFFIRMED.
' HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.