THOMAS, Judge.
Dorrian D. Johnson appeals the Autauga Circuit Court’s judgment in his workers’ compensation action, in which the court determined that his injury was not com-pensable under the Workers’ Compensation Act (“the Act”), codified at § 25-5-1 et seq., Ala.Code 1975.

Facts and Procedural History

On July 1, 2008, Johnson filed a workers’ compensation action against Lowe’s Home Center, Inc. (“Lowe’s”). Johnson alleged that he had sustained an injury on May 14, 2008, that arose out of and in the course of his employment with Lowe’s. Lowe’s answered Johnson’s complaint on July 25, 2008, admitting that Johnson was a part-time employee of Lowe’s on May 14, 2008, and that the Act applied to Johnson’s claims. Lowe’s denied, however, that Johnson’s injury arose out of and in the course of his employment, that Johnson had suffered any disability, and that it had received notice of Johnson’s injury occurring on May 14, 2008.
On July 27, 2009, following a hearing at which the trial court heard ore tenus testimony concerning only the issue of the compensability of Johnson’s injury, the trial court entered the following judgment:
“This cause coming on before this Court upon the Petition for Worker’s Compensation Benefits as filed by [Johnson] and the parties appearing on May 19, 2009 and by agreement presented only the issue of compensability or the issue of whether or not the alleged injury is compensable. The testimony being taken ore tenus and certain stipulations being made as follows:
“A. The Plaintiff, Dorrian D. Johnson was an employee of Lowe’s Home Center, Inc. on May 14, 2008.
“B. The Alabama Worker’s Compensation Act covers all parties.
“Upon hearing the testimony at length on the issue of the alleged injury, this Court finds this not to be a compen-sable injury.”
On August 26, 2009, Johnson filed a motion to alter, amend, or vacate the trial court’s judgment or, in the alternative, to amend its judgment to include specific findings of fact. The trial court conducted a hearing on Johnson’s postjudgment motion and subsequently denied it. Johnson appealed.

Discussion

In Ex parte Curry, 607 So.2d 280, 231-32 (Ala.1992), the Supreme Court of Alabama held:
“The procedure in disputed claims arising under the Workmen’s Compensation Act is set out in § 25-5-88, Code of Alabama 1975, and must be complied with. The statute reads in pertinent part:
“ ‘At the hearing or any adjournment thereof the court shall hear such witnesses as may be presented by each party, and in a summary manner without a jury, unless one is demanded to try the issue of willful misconduct on the part of the employee, shall decide the controversy. This determination shall be filed in writing with the clerk of said court, and judgment shall be entered thereon in the same manner *700 as in civil actions tried in the said circuit court and shall contain a statement of the law and facts and conclusions as determined by said judge.’
“(Emphasis added.) Section 25-5-88 requires that a judgment in a worker’s compensation case contain findings of fact and conclusions of law. Dale Motels, Inc. v. Crittenden, 49 Ala.App. 51, 268 So.2d 834 (1972). While the appellate courts have reversed worker’s compensation decisions in which the trial court’s findings of fact were completely unresponsive to the issues (Dennis v. Gamble’s Inc., 389 So.2d 142 (Ala.Civ.App.1980)), they have also held that substantial compliance with § 25-5-88 will suffice. Dees v. Daleville Florist, 408 So.2d 155 (Ala.Civ.App.1981); Fordham v. Southern Phenix Textiles, Inc., 387 So.2d 204 (Ala.Civ.App.), cert. denied, 387 So.2d 206 (Ala.1980).”
Further, in Dun & Bradstreet Corp. v. Jones, 678 So.2d 181, 187 (Ala.Civ.App.1996), this court held that
“the trial court has a duty to make a finding on each issue presented and litigated before it. Thomas v. Gold Kist, Inc., 628 So.2d 864 (Ala.Civ.App.1993). ‘In instances where the trial court fails to make a finding responsive to the issue-presented, the case must be reversed.’ Id. at 867. See also Harbin v. United States Steel Corp., [356 So.2d 179 (Ala.Civ.App.1978)].”
In the present case, the issues presented to the trial court concerning the compensa-bility of Johnson’s injury were whether his injury arose out of and in the course of his employment with Lowe’s and whether Lowe’s received notice-of Johnson’s injury. The trial court failed to include findings of fact responsive to the issues presented, as required by § 25-5-88. Therefore, we reverse the trial court’s judgment and remand the cause for the trial court to include the necessary findings to support its judgment.

Conclusion

Based on the foregoing, we reverse the trial court’s judgment and remand the cause for the entry of a judgment that complies with § 25-5-88!
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.