THOMAS, Judge.
Dorrian D. Johnson (“the employee”) appeals from the Autauga Circuit Court’s judgment in his workers’ compensation action against Lowe’s Home Centers, Inc. (“the employer”).
On December 10, 2010, the circuit court determined that the employee’s injury was not compensable under the Workers’ Compensation Act (“the Act”), codified at § 25-5-1 et seq., Ala.Code 1975. We reverse.

Facts and Procedural History

This is the second time this cause has been before this court. See Johnson v. Lowe’s Home Ctr., Inc., 59 So.3d 698 (Ala.Civ.App.2010). In that opinion, we recited *770 the following facts pertinent to the present appeal:
“On July 1, 2008, [the employee] filed a workers’ compensation action against [the employer]. [The employee] alleged that he had sustained an injury on May 14, 2008, that arose out of and in the course of his employment with [the employer]. [The employer] answered [the employee]’s complaint on July 25, 2008, admitting that [the employee] was a part-time employee of [the employer] on May 14, 2008, and that the Act applied to [the employee]’s claims. [The employer] denied, however, that [the employee^ injury arose out of and in the course of his employment, that [the employee] had suffered any disability, and that it had received notice of [the employee^ injury occurring on May 14, 2008.
“On July 27, 2009, following a hearing at which the trial court heard ore tenus testimony concerning only the issue of the compensability of [employee]’s injury, the trial court entered the following judgment:
“ ‘This cause coming on before this Court upon the Petition for Worker’s Compensation Benefits as filed by [the employee] and the parties appearing on May 19, 2009 and by agreement presented only the issue of compensability or the issue of whether or not the alleged injury is compensa-ble. The testimony being taken ore tenus and certain stipulations being made as follows:
“ ‘A. [The employee] was an employee of [the employer] on May 14, 2008.
“‘B. The Alabama Worker’s Compensation Act covers all parties.
“ ‘Upon hearing the testimony at length on the issue of the alleged injury, this Court finds this not to be a compensable injury.’
“On August 26, 2009, [the employee] filed a motion to alter, amend, or vacate the trial court’s judgment or, in the alternative, to amend its judgment to include specific findings of fact. The trial court conducted a hearing on [the employee]’s postjudgment motion and subsequently denied it. [The employee] appealed.”
Johnson, 59 So.3d at 699.
The employee appealed, and this court concluded that the circuit court had failed to include findings of fact responsive to the issues presented, as required by Ala.Code 1975, § 25-5-88. We reversed the judgment and remanded the cause for the circuit court to enter a judgment that complied with the requirements of § 25-5-88. Id. at 700. On December 10, 2010, the circuit court entered a judgment in compliance with our mandate in Johnson; the judgment included the necessary findings to support its determination that the employee’s injury was not compensable under the Act. The employee filed a motion to alter, amend, or vacate the December 10, 2010, judgment, claiming that evidence existed that his injury was compensable and that certain deposition testimony had been improperly admitted. The circuit court denied his motion on February 28, 2011. The employee filed a timely notice of appeal to this court on April 1, 2011.

Standards of Review

“Section 25-5-81(e), Ala.Code 1975, provides this court’s standard of review:
“‘(1) In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.
“ ‘(2) In reviewing pure findings of fact, the finding of the circuit court *771 shall not be reversed if that finding is supported by substantial evidence.’
“Substantial evidence is ‘ “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” ’ Ex parte Trinity Indus., Inc., 680 So.2d 262, 268 (Ala.1996) (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)).
“ ‘Our review is restricted to a determination of whether the trial court’s factual findings are supported by substantial evidence. Ala.Code 1975, § 25-5-81 (e)(2). This statutorily mandated scope of review does not permit this court to reverse the trial court’s judgment based on a particular factual finding on the ground that substantial evidence supports a contrary factual finding; rather, it permits this court to reverse the trial court’s judgment only if its factual finding is not supported by substantial evidence. See Ex parte M & D Mech. Contractors, Inc., 725 So.2d 292 (Ala.1998). A trial court’s findings of fact on conflicting evidence are conclusive if they are supported by substantial evidence. Edwards v. Jesse Stutts, Inc., 655 So.2d 1012 (Ala.Civ.App.1995).’
“Landers v. Lowe’s Home Ctrs., Inc., 14 So.3d 144, 151 (Ala.Civ.App.2007) (opinion on original submission). The ‘appellate court must view the facts in the light most favorable to the findings of the trial court.’ Ex parte Professional Bus. Owners Ass’n Workers’ Comp. Fund, 867 So.2d 1099, 1102 (Ala.2003).”
Equity Group-Alabama Div. v. Harris, 55 So.3d 299, 305-06 (Ala.Civ.App.2010).
This court has often repeated that
“ ‘[i]t is well established that the trial court is in the best position to observe the demeanor and credibility of the employee and other witnesses in a workers’ compensation case.’ Mayfield Trucking Co. [v. Napier], 724 So.2d [22] at 25 [(Ala.Civ.App.1998)]. ‘The resolution of conflicting evidence is within the exclusive province of the trial court, and this court is forbidden to invade that province upon review.’ Id.”
Clear Creek Transp., Inc. v. Peebles, 911 So.2d 1059, 1063 (Ala.Civ.App.2004).

Discussion

Initially, the employee contends, for the first time on this second appeal, that the circuit court should not have, admitted the deposition testimony of his supervisor, Michelle Jennings. The employer contends, and the employee does not refute, that the employee’s failure to raise the issue of the admission of Jennings’s deposition testimony in the prior appeal is a proper basis for the application of the law-of-the-case doctrine, which prevents our consideration of the issue in this subsequent appeal. Our supreme court has stated that
“[i]t is enough that the issue should have been raised in the first appeal. ‘Under the . law of the case doctrine, “[a] party cannot on a second appeal relitigate issues which were resolved by the Court in the first appeal or which would have been resolved had they been properly presented in the first appeal.” ’ Kortum v. Johnson, 786 N.W.2d 702, 705 (N.D.2010) (quoting State ex rel. North Dakota Dep’t of Labor v. Riemers, 779 N.W.2d 649 (N.D.2010) (emphasis added)); see also Judy v. Martin, 381 S.C. 455, 458, 674 S.E.2d 151, 153 (2009) (‘Under the law-of-the-case doctrine, a party is precluded from relitigating, after an appeal, matters that were either not raised on appeal, but should have been, or raised on appeal, but expressly *772 rejected by the appellate court. C.J.S. Appeal & Error § 991 (2008)....’).
“The doctrine is the same in Alabama. ‘[I]n a second appeal, ... a matter that had occurred before the first appeal, but that was not raised in the first appeal, [is] the law of the case.’ Life Ins. Co. of Georgia v. Smith, 719 So.2d 797, 801 (Ala.1998) (summarizing the holding in Sellers v. Dickert, 194 Ala. 661, 69 So. 604 (1915)). The doctrine in this form was applied in Bankruptcy Authorities, Inc. v. State, 620 So.2d 626 (Ala.1993), which was the second of two appeals in that case. There, this Court held that the failure of the appellant to raise an issue in its first appeal regarding the sufficiency of the evidence to support the judgment precluded review of that issue in the second appeal.”
Scrushy v. Tucker, 70 So.3d 289, 303-04 (Ala.2011) (footnotes omitted).
In this case, the admission of Jennings’s deposition testimony occurred before the first appeal. Although the employee objected to the admission of that deposition testimony, both before the trial and more than once during the trial, he failed to raise the issue of its admissibility in his first appeal. The employee’s failure to raise the issue of the alleged improper admission of Jennings’s deposition testimony in his first appeal precludes our review of that issue in this second appeal. Scrushy, 70 So.3d at 303-04.
Finally, the employee argues that the circuit court did not have sufficient evidence to support its determination that his injury is not compensable under the Act. As to “pure findings of fact,” it is the statutory responsibility of this court to examine the record and to determine whether there existed substantial evidence to support the trial court’s judgment. § 25-5-81(e).
We have strictly limited our examination of the evidence presented to the circuit court to the evidence that is necessary to review that court’s pure finding of fact— that the injury did not occur at work and is, therefore, not compensable. Section 25-5-81(e)(2) provides that, “[i]n reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence”; therefore, this court will reverse the circuit court’s determination that the employee’s injury did not occur at the employer’s store only if we determine that fair-minded persons in the exercise of impartial judgment could reasonably infer that the circuit court’s judgment is unsupported by the evidence.
The record contains transcripts of oral testimony from the employee and from Libby Russell, the employer’s corporate representative, who testified on behalf of the employer. It also contains documentary evidence in the forms of the deposition testimony of Manuel Granger, the employee’s co-employee, and Jennings, as well as medical records and other documents. From this evidence, the circuit court made, among others not pertinent to this appeal, the factual findings that the medical records contained information suggesting different sources of the injury and that the injury did not arise out of or in the course of the employee’s employment. The amended judgment reads, in pertinent part, as follows:
“Upon the evidence and testimony being received, ore tenus, this Court entered an Order dated July 27, 2009, and it is that previous Order that is amended and this Order herein substituted.
[[Image here]]
“7. That the medical records reflect different allegations concerning the source of the alleged injury, with the *773 medical history coming from the [employee].
[[Image here]]
“9. The Court finds there to be creditability issue [sic] with the reporting of how the injury occurred and therefore evaluates this testimony so as to determine that this injury as reported did not arise out of or in the course of the [employee’s] employment with [the employer].”
We recognize that a careful review of the medical records reveals some conflict in the evidence as to what caused the employee’s injury — what the circuit court called “source[s] of the alleged injury”; however, we struggle to identify substantial evidence presented to the circuit court that would support its factual finding that there existed different allegations as to the cause of the injury. Our exhaustive review of the record reveals no testimony suggesting that the employee was injured as a result of some cause arising out of a non-work-related activity; therefore, we are entirely unable to find support for the circuit court’s affirmative finding that the employee’s injury did not arise out of or in the course of his employment with the employer.
The chronology of the events, based on notes on several medical records and other documents, tends to show that the employee lifted “something” on Monday, May 12, 2008. The employee’s time records show that he was not working at the employer’s store on that date. A multiple-paged, emergency-room record dated Friday, May 16, 2008, at 7:51 a.m. indicates that the employee “[l]ifted something on Monday which started the problemf.] [Increase] in pain after lifting on Thurs[day] ... [at] work.” It details the employee’s chief complaint as “picking up compressor refrigerators.” Another page of the same May 16, 2008, emergency-room report records the chief complaint as “lifting heavy object at work. Pain x 3 days.” The report also records the accident type is a “home accide[nt]” and the nature of the accident as “[l]ifting crate/back injfury]” and records the date of injury as Wednesday, “5/14/08” at “17:30P.” [1]
The employee contends that he injured himself at the employer’s store on Wednesday, May 14, 2008, at 7:30 p.m. and that he obtained permission from Jennings to leave work before his shift ended. He said he could not complete the workday due to the sudden pain he experienced when he lifted a boxed toilet onto a shelf. The employee’s time-clock records, introduced into evidence by the employee, confirm his testimony that he left work before his shift ended on May 14, 2008.[2] On Monday, May 19, 2008, the employee filled out the workers’ compensation first report of injury, and in it he recorded the source of his injury as stocking toilets on a shelf on Wednesday, May 14, 2008. In that document, the employee indicated that Granger had witnessed his accident and that the employee had reported the injury to his supervisor. The employer referred the employee to Dr. Tai Q. Chung.
Dr. Chung unquestionably recorded a conflicting source of the injury on his May *774 21, 2008, report in which he wrote that the source of the injury was lifting a “heavy bucket of tools.” Will Luu, a workers’ compensation adjuster with Specialty Risk Services, LLC, denied the employee’s workers’ compensation claim on June 6, 2008. On June 9, 2008, the employee returned to the emergency room, saying his pain had increased. The emergency-room report for that visit lists his chief complaint as “low back pain [with] pain in both legs. The work injury May 16th”; on another page of that report is the following notation: “back pain ... continuing ... injury of 5/12. After the June 9, 2008, emergency-room visit, the employee to underwent a bilateral-lumbar-facet-block procedure and, later, two surgeries. The remaining medical documents in evidence before the circuit court are several post surgical, handwritten, physical-therapy reports, all of which list the injury as resulting from stocking toilets at the employer’s store.
I. Examination of the Medical Records
In its judgment, the circuit court, in finding that the employee’s injury is not compensable, stated that the medical records reflected different allegations concerning the source of the alleged injury, with the medical history coming from the employee, and that it found a credibility issue based on the reporting of how the injury occurred. It evaluated the evidence and testimony presented, and it determined that the employee’s injury did not arise out of and in the course of his employment. Recognizing that it is within the exclusive province of the circuit court to resolve conflicting evidence and to observe the demeanor and credibility of witnesses, and that we may not revisit its determinations or reweigh the evidence presented in this matter, we proceed cautiously. Clear Creek, 911 So.2d at 1068.
In Jackson Landscaping Inc. v. Hooks, 844 So.2d 1267 (Ala.Civ.App.2002), this court reversed a trial court’s judgment based on its determination that an employee had produced substantial evidence to support the trial court’s factual findings. See Hooks, 844 So.2d at 1271. In Hooks, the employee’s medical records “completely contradicted” the employee’s inconsistent testimony. Id. at 1272. The employee claimed that the medical records contained a “misprint”; however, the medical records were internally consistent in six notations and in three diagrams. Id. This court concluded that, in view of the totality of the evidence before the trial court, its judgment was not supported by substantial evidence because, we determined, the trial court had misinterpreted the evidence. Id. at 1273.
The totality of the evidence in this case reveals that the employee was perfectly consistent in his workers’ compensation first report of injury and in his oral testimony, always stating that his injury occurred at the employer’s store while lifting a boxed toilet. We recognize that the emergency-room reports are somewhat inconsistent with the employee’s version of events; however, they are also themselves internally inconsistent, sometimes confirming and sometimes contradicting the employee’s consistent account. We determine that fair-minded persons in the exercise of impartial judgment would consider the handwritten notes, jotted in shorthand by several different medical professionals, on the internally inconstant emergency-room reports less than reliable given the totality of the evidence presented. Furthermore, some initially perceived “incon-sistences” may be resolved — a boxed toilet may be properly described as a crate and as a heavy object. In light of the totality of the evidence that was before the circuit court, the record of the employee’s words jotted on a few of the many pages of *775 emergency-room records, even assuming they were accurately transcribed by medical professionals, do not appear to us to conflict significantly with the employee’s reported source of his injury — lifting a boxed toilet at the employer’s store.
The sole source of unquestionably conflicting evidence presented to the circuit court is the document prepared by Dr. Chung indicating the employee was injured while lifting a heavy bucket of tools. Certainly, that evidence would tend to undermine the employee’s contention that he injured himself while lifting a boxed toilet; however, we discovered multiple flaws in the document that tend to undermine its veracity rather than the employee’s. Dr. Chung’s half-page report is incorrectly addressed to Mr. Will Lee rather than Mr. Will Luu, and Dr. Chung also wrote, in error, that the employee had actually worked at the employer’s Montgomery location when the employee had worked at the employer’s Prattville location. Dr. Chung’s brief, three-point, follow-up report dated May 28, 2008, is also highly inaccurate — e.g., misspelling the employee’s first name and sometimes referring to the employee as “her” or “herself.” The documents are so rife with errors that fair-minded persons in the exercise of impartial judgment could not reasonably infer that Dr. Chung’s reports provide substantial evidence indicating that the employee injured himself while lifting a bucket of tools.
Therefore, after a thorough review of the record, we determine that the circuit court’s factual finding that “the medical records reflect different allegations concerning the source of the alleged injury, with the medical history coming from [the employee],” is not supported by substantial evidence.
II. Examination of the Oral and the Deposition Testimony
In Ex parte Southern Energy Homes, Inc., 878 So.2d 1116 (Ala.2003), our supreme court reversed this court’s affir-mance of a judgment in favor of an employee in a workers’ compensation action when all the evidence presented, including the oral testimony, was not examined as a whole by this court when determining whether substantial evidence supported the trial court’s judgment. In Southern Energy Homes, the supreme court stated that it was possible that either the testimony of a single witness or the totality of the evidence may amount to substantial evidence in a workers’ compensation action, depending on the evidence as a whole. Southern Energy Homes, 873 So.2d at 1122. Although we recognize that we do not have the benefit of observing the demeanor of witnesses, we determine that fair-minded persons, exercising impartial judgment, would reasonably rely on the presentation of consistent evidence. In this case, each witness invariably testified that the employee had said that he was injured at the employer’s store. The testimony presented to the circuit court included the employee’s testimony and the testimony of Russell, the employer’s corporate representative testifying on its behalf. Additional consistent evidence was provided to the circuit court in the deposition transcripts of Granger and Jennings. Without exception, each witness recounts that the employee consistently said that the sole source of his injury was unloading, shelving, stocking, or lifting boxed toilets at the employer’s store. That testimony is as follows.
The employee told the court that he was at the employer’s store on May 14, 2008, stocking shelves when he felt a sudden burning sensation in his back, legs, and arms as he lifted the third or fourth boxed *776 toilet. He said that Granger witnessed his injury. He stated that he left the employer’s store before his shift ended after he told Jennings that he had injured himself while stocking toilets. The employee testified that, during his first attempt to fill out his workers’ compensation forms, he told the employer’s zone manager, Chris Daniels, that he had been injured at the employer’s store. He testified that, in another attempt to fill out the proper forms, he telephoned Russell and told her that he had been injured at the employer’s store and that Russell had arranged for Tom Jones, the employer’s operations manager, to meet with him to fill out an “incident report.” That incident report was entered into evidence and is the employer’s workers’ compensation first report of injury. The employee’s handwritten statement on that document indicates that he was injured at work while “reaching down to unload one toilet.” When asked on cross-examination whether he told the emergency-room doctor that he was injured picking up a “compressor refrigerator,” he answered, “[tjhat is not what I said to them.”
Russell, testifying on behalf of the employer, confirmed the employee’s testimony that the employee had telephoned her on May 16, 2008, and had told her that “he had injured himself stocking toilets.” She also testified that she spoke to Jennings about the employee’s injury within a week of the injury and that any testimony by Jennings to the contrary was false.
Granger, who had recently been discharged by the employer, testified by deposition and confirmed that he remembered working with the employee at the employer’s store on May 14, 2008, and that he saw the employee drop a boxed toilet he had lifted and heard the employee say that he felt pain in his back. Granger said that the employee left the plumbing area of the store to report the injury to his supervisor.
Jennings, who was still employed by the employer at the time of her deposition, testified as to her recollection of May 14, 2008. She said she alone was responsible for supervising the employee. In her contradictory testimony, she first said that she did not recall whether the employee had stated that his back was hurting or whether he had asked to leave early, but later she recalled that she “definitely” did not talk to him about leaving early. She also explained that if any employee left early without her permission, the employer required her to write a reprimand to place in the employee’s personnel file. It is undisputed that the employee left early and that no written reprimand exists. She also testified that she never spoke to anyone within the employer’s management, including Russell, regarding the employee’s injury until after the employee returned to the employer’s store following his surgeries. As noted above, the employer’s witness, Russell, testified that she had spoken to Jennings within a week of the employee’s injury.

Conclusion

After a careful consideration, we determine that substantial evidence does not exist to support the circuit court’s factual finding that the employee’s injury did not arise out of or in the course of the employee’s employment with the employer. The employer presented some evidence to the circuit court indicating that the employee may have recounted different causes of the injury; however, that evidence does not amount to substantial evidence supporting the circuit court’s factual finding. We reach this conclusion in light of the relatively consistent accounts of the source of the injury in multiple medical documents from the emergency room, the workers’ compensation first report of injury, physical-therapy providers’ notations, and the consistent oral testimony, which includes *777 the testimony of the employer’s witness, its corporate representative. In this case, we determine that the employee’s version of events is substantially supported by the oral testimony and the documentary evidence. Thus, the circuit court’s findings of fact, based on what it considered to be conflicting evidence, are not conclusive on this court; its findings are not supported by substantial evidence. Edwards v. Jesse Stutts, 655 So.2d 1012, 1013-14 (Ala.Civ.App.1995) (finding that substantial evidence supported the circuit court’s findings when the employee’s version of events were not supported by any other testimony).
The evidence presented to the circuit court, examined as a whole, leads us to conclude that there was not substantial evidence before the circuit court from which it could have determined that the employee’s injury did not arise out of and in the course of his employment and that his injury was not, therefore, compensable under the Act. Accordingly, we reverse the circuit court’s judgment, which denied the employee’s claim for workers’ compensation benefits, and we remand the cause to the circuit court for it to determine the benefits to which the employee is entitled and to enter a judgment awarding those benefits.
REVERSED AND REMANDED
BRYAN, J., concurs.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur in the result, without writings.

. The employee’s time-clock records indicate that the employee was at work at 5:30 p.m. on May 14, 2008.

. We note the employee’s time-clock records for two reasons. First, because the employer admitted in its September 8, 2008, answer that the employee had worked part time for the employer for 12 weeks and asserted that he had never missed any days or hours for which he was scheduled to work. Second, because Jennings testified that if an employee left early without her permission, she would have completed a disciplinary form; no such form exists in the employee's personnel file.